```
                     UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA


JOHN CHRISTOPHER ANDERSON,         )    3:10-CV-67-ECR-VPC
                                   )
     Plaintiff,                    )    MINUTES OF THE COURT
                                   )
vs.                                )    DATE: December 6, 2010
                                   )
JOHN W. HELZER, Assistant D.A.; RANDY )
LEBLANC, Sheriff Det., MARSHAL EMERSON, )
Sheriff's Commander,               )
                                   )
     Defendants.                   )
_____)


PRESENT:     EDWARD C. REED, JR.              U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN     Reporter:    NONE APPEARING

Counsel for Plaintiff(s)            NONE APPEARING

Counsel for Defendant(s)            NONE APPEARING
```

MINUTE ORDER IN CHAMBERS

Plaintiff claims deputy district attorney John Helzer tapped his telephone. Plaintiff alleges the following facts in support of this claim: "There was so much noise in the background of that phone that it was difficult to understand anyone. This went on for 2 or 3 weeks before we complained to the phone company. A few days later Helzer wrote or called me and said to meet him in his office. I did so and a few days after that the phone started to work well again. A couple of weeks later I read in the newspaper that 20,000 phone taps were issued." (Compl. at 4 (#3).) Plaintiff has not "state[ed] a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts alleged, even if true, do not support — absent wild speculation — Plaintiff's claim that his telephone was tapped by district attorney John Helzer. This claim cannot survive a motion to dismiss.

Plaintiff also alleges that two sheriffs violated his due process rights under the Fourteenth Amendment by failing to investigate and prosecute a crime of which he was a victim. Plaintiff has no constitutional right to a police investigation, adequate or otherwise. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985)("[w]e can find no instance where the courts have recognized inadequate investigation as

sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").

　　　Under Rule 15(a) leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a).  In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  If factors such as undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003)(discussing Foman v. Davis, 371 U.S. 178, 182 (1962).  In light of this liberal pleading standard, Plaintiff shall be given leave to amend his complaint.  If Plaintiff's amended complaint is, however, similarly deficient we may be forced to conclude that further leave to amend would be futile.

　　　**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion to dismiss (#12) is **GRANTED**.  Plaintiff shall have 21 days within which time to file an amended complaint.

　　　　　　　　　　　　　　　　　　　　　　LANCE S. WILSON, CLERK

　　　　　　　　　　　　　　　　　　　　　　By _____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk