1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN CHRISTOPHER ANDERSEN,        )   Case No.  3:10-00067-ECR-VPC
                                  )
              Plaintiff,          )
                                  )
vs.                               )
                                  )   ORDER
                                  )
JOHN W. HELZER, RANDY LeBLANC,    )
MARSHAL EMERSON, ASST. U.S.       )
ATTORNEY HOLLY VANCE,             )
                                  )
              Defendants.         )
                                  )

16      On April 19, 2010, Defendants filed a motion to dismiss (# 12) pursuant to

17  Fed. R. Civ. P. 12(b)(6).  Plaintiff has responded (#14) to the motion and

18  Defendants have filed a reply (#15) in support of the motion.   On December 27,

19  2010, Plaintiff filed an amended complaint (#21) which states the same

20  allegations as the original complaint filed on March 11, 2010.  On January 27,

21  2011, Defendants filed a motion to dismiss (#22) which in essence states the

22  same defenses under Fed.R.Civ.P. 12(b)(6) as their earlier motion to dismiss

23  (#12).   Since the complaint and motion to dismiss are materially the same, we

24  shall address the fully briefed motion to dismiss.

25

26                              COUNT I

27      Count I is pled only against Defendant Helzer.  It alleges that in violation

28  of the Fourth Amendment, Defendant Helzer tapped Plaintiff's home telephone.

On its face, the allegations in Count I barely state a valid constitutional claim.  The allegations involve primarily circumstantial evidence.  There may have been no wiretap at all.   However, reasonable inferences from the pleading are sufficient to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Defendant Helzer's defense as stated in the motion is that 18 U.S.C. § 2520 preempts actions brought as 42 U.S.C. § 1983 constitutional claims; and that therefore the present action should be dismissed under F.R.Civ.P. 12(b)(6). Title 18 U.S.C. § 2520 provides that a person may bring a private civil action if his telephone conversations are unlawfully intercepted.  The statute § 2520 does appear to provide a statutory means of redress which in a number of ways overlaps an action brought for a constitutionally unlawful search under the Fourth Amendment.

18 U.S.C. § 2520 provides that a person whose wire communication is intercepted in violation of this chapter (18 U.S.C. § 2510, *et seq*.) may bring a civil action to recover from the person which engaged in the violation relief as may be appropriate.  The relief available under this statute appears to include all of the types of relief that a party may obtain in a § 1983 Civil Rights Action and additional statutory damages.

In some circumstances, a statutory remedy may replace a remedy under § 1983 for violation of a constitutional right.    The test may be whether the constitutional right is broader than the statutory right.

The portion of the chapter 18 U.S.C. § 2510 to 2519 provides in general for:

§ 2510:   Definitions;

§ 2511:   Criminal penalties for unlawful wire interceptions where no appropriate warrant has been obtained;

§ 2512:   Manufacture, distribution or possession of devices for surreptitious interception prohibited by statute;

| § 2513: | Confiscation and forfeiture of such devices; |
|---|---|
| § 2514: | Repealed; |
| § 2515: | Prohibition of use of evidence of unlawful wiretaps in court and other proceedings where such evidence was obtained in contravention of this Chapter; |
| § 2516: | Authorization for certain federal and state officials to seek wiretap warrants from federal and state judges where such wiretaps may provide evidence of certain crimes; |
| § 2517: | Provisions where intercepted communications may be disclosed; |
| § 2518: | Procedure to obtain warrants for lawful wiretaps for both state and federal prosecutors and issuance of such warrants by the courts; |
| § 2519: | Reports required for authorized wiretaps. |

In Count I, Plaintiff seeks recovery under § 1983 for violation of his constitutional rights through an unlawful wiretap.  He does not seek recovery for violation of the federal wiretap statute §§ 2510-22 (18 U.S.C. §§ 2510-22).  The fact that Plaintiff does not seek relief for violation under the wiretap statute but rather seeks relief for violation of his constitutional rights is a consideration in our decision.

Rights under the statute § 2520 are significantly broader than pure constitutional rights under the Fourth Amendment which Plaintiff asserts in this case.  Section 2520 allows a plaintiff to seek relief not only for the intrusion, but also for disclosure of unlawfully intercepted communications.  However, here Plaintiff seeks only relief for the intrusion.  It is also true that municipalities may be liable for unlawful wiretaps under § 1983, but not § 2520.  Again, this does

1   not make any difference in the case at bar, which is brought against an individual

2   not against a municipality.

3        The conduct alleged in the case at bar is the same whether the action is

4   brought under § 1983 as a constitutional claim or as a violation of the statute

5   under § 2520.  The remedies of declaratory judgment, injunction, and damages

6   appear to be generally the same whichever statute is applied.  Section 2520 is not

7   as comprehensive as some other comparable statutes that do preempt  § 1983

8   claims in that it does contain, for example, provisions for exhaustion, mediation,

9   or administrative conciliation.  Cf. Title VII.

10       The case of Amati, et al. v. The City of Woodstock, et al., 829 F.Supp. 998

11  (N.D. Ill. 1993) discussing U.S.v. Dorfman, 690 F.2d 1217 (7th Cir. 1982) argues

12  that the wiretap statute § 2520 does not preempt § 1983 claims; that at least in a

13  considerable number of respects § 2520 is not coextensive with § 1983 claims

14  made under the Fourth Amendment.   Amati points out that the difference in

15  municipal liability mentioned above is the general presumption against

16  Congressional repeals of prior statutes by implication.  The case of Waldon v.

17  City of Providence, 495 F.Supp.2d 245 (D.R.I. 2007) presents an analysis which

18  fairly closely tracks Amati.   Congressional intent in enacting § 2520 is an

19  important aspect of the analysis.

20       It appears that in § 2520 Congress did intend to provide special safeguards

21  against unique problems posed by misuse of wiretaps.  Section 2520 also

22  includes extensive remedies in the privacy area which do not follow from the

23  pure constitutional claim.  The fact that the statute is in some respects broader

24  than the prior constitutional claim may argue for preemption.  However, in this

25  case, the differences, i.e., the broader rights under the statute don't really make

26  any difference in light of the claim of Plaintiff in Count I.  Nonetheless, we

27  conclude that this should not be determinative, but only part of the mix.

28

On the other side of the fence is <u>Adams v. Battle Creek</u>, 250 F.3d 980 (6th Cir. 2001) which generally goes in the other direction in favor of preemption. The Sixth Circuit would find § 2520 provides the exclusive remedy for Plaintiff. The Sixth Circuit jurisprudence appears to conclude that Plaintiff could only bring his action under § 2520 and that the motion should be granted.

The statute § 2520 and rights under § 1983 are not totally coextensive as noted above, including any other things that there is no municipal liability under the statute.  There are some significant differences, even though the differences don't appear to make a difference in this case.  In the final analysis, it does not appear that Congress intended to make § 2520 the exclusive remedy for an unlawful wiretap and to preempt possible claims under § 1983.

In the long run, it does not make much difference whether the action is brought under § 1983 or § 2520.  If we were to grant the motion, we would likely allow Plaintiff to file an amended complaint under § 2520.  On the face of it, it appears Plaintiff may be able to plead such an action in an amended complaint.

There isn't, at this early stage of the proceedings, any particularly convincing reason to require the case to be dismissed and re-pled under § 2520 if that were appropriate.  It all appears to come out about the same.  Should Plaintiff in the future seek to allege broader claims or remedies encompassed in § 2520, but not cognizable under § 1983, then it is likely such claims would have to be pled under § 2520.

Leaving the case in its present posture seems the best course for now.

## COUNTS II AND III

Counts II and III of the Complaint are pled against Defendants LeBlanc and Emerson.  Defendant Helzer is not mentioned in either Count II or III.  The crux of the claims in these counts is that LeBlanc and Emerson refused to investigate and prosecute Jim Wagoner, an individual Plaintiff accused of

stealing his truck and tools and failing to return $700 paid to Wagoner to repair the truck.

The Complaint is filed as a civil rights action pursuant to 42 U.S.C. § 1983.  To succeed on such a claim in this case, Plaintiff must plead and show that the actions of the state employees, LeBlanc and Emerson, deprived Plaintiff of a constitutional right.

There simply is no constitutional right to have another person investigated or prosecuted for a crime.  Whether such right is claimed to be a liberty or property right, there is no such right.  Even if such conduct as a result destroyed Plaintiff's livelihood, the conduct of failing to investigate or prosecute did not deprive Plaintiff of a constitutional right for which he is entitled to relief.

The failure of  public officials to investigate or prosecute crime is a matter for public opinion, policy, and the ballot box.

Plaintiff has stated his factual allegations in detail in the Complaint and his opposition to Defendants' motion to dismiss.  It does not appear that there are any remaining additional facts which Plaintiff might allege to support Counts II and III.  It will therefore be ordered that the motion (#22) will be <u>GRANTED</u> as to all Defendants without leave to amend.

## MOTION TO STRIKE

Defendants move to strike (#15) Plaintiff's opposition (#14) to the Motion to Dismiss (#12) for failure to sign it.  Upon learning of this objection by Defendants, Plaintiff filed a letter (#16) indicating that if offered the opportunity to do so, he would sign the opposition.  We view this as a sufficient indication that Plaintiff subscribes to everything stated in his opposition to the motion.  It appears to have been an oversight that Plaintiff failed to sign the opposition.  The opposition to the motion (#14) will be received by the Court as an opposition to Defendants' Motion to Dismiss (#12).  The motion to strike (#15) in this respect

1  will be denied.

2  Defendants also move (#15) to strike miscellaneous documents which are

3  attached to Plaintiff's opposition (#14) to the Motion to Dismiss (#12).  Plaintiff

4  attached to the opposition (#14) various miscellaneous documents including:

5      (1)    Letters exchanged between Plaintiff and Defendant Helzer;

6      (2)    A bill for towing and storage of Plaintiff's truck;

7      (3)    Instructions and return for service of process on Defendants;

8      (4)    A statement by Plaintiff to the Washoe County Sheriff's Office;

9      (5)    An auto body repair order to Wagoners Auto Repair with respect to

10              Plaintiff's truck;

11      (6)    A written statement from small claims court;

12      (7)    A written statement by Plaintiff's daughter, Shannon L. Dohr-

13              Andersen.

14  The issue now before the Court is whether Plaintiff's Complaint states a

15  cause or causes of action against Defendants.  It is not at this stage a matter of

16  whether there is evidence to prove the allegations of the Plaintiff's Complaint.  In

17  ruling on the present motion, the Court may take judicial notice of documents

18  which are not subject to reasonable dispute in that they are generally known

19  within the territorial jurisdiction of the trial court or capable of accurate and

20  ready determination by resort to sources whose accuracy cannot be reasonably

21  questioned.  Only a portion of the documents listed in paragraph (3) above and

22  the documents listed in paragraph (6) above would under these requirements

23  possibly be judicially noticed and they are not relevant to the issues now before

24  the Court, which is pleading wording and reasonable inferences from the

25  wording of the Complaint as it stands.  The motion to strike (#15) will therefore

26  be <u>GRANTED</u> as to the documents attached to the opposition (#14) listed in

27  paragraphs (1) through (7) above.

28  We have addressed the issues raised in Defendants' motion to strike, in

light of the Amended Complaint (#21) and Defendants' renewed motion to dismiss (#22).  The motion to strike will be denied.

ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#12 and # 22), pursuant to Fed. R. Civ. P. 12(b)(6) is <u>DENIED</u> as to Count I and is <u>GRANTED</u> as to Counts II and III with prejudice.

IT IS FURTHER ORDERED that Defendants' motion to strike (#15) is <u>GRANTED</u> as to the documents listed above in paragraphs (1) through (7) in respect to that portion of this Order relating to Counts II and III which are attached to Plaintiff's opposition (#14).

IT IS FURTHER ORDERED that Defendants' motion to strike (#15) is <u>DENIED</u> with respect to striking Plaintiff's opposition (#14).

Dated this 19th day of September 2011.

Edward C. Reed.

_____
EDWARD C. REED, JR.
United States District Judge