**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOHN CHRISTOPHER ANDERSEN, | ) | 3:10-cv-00067-ECR-VPC |
| Plaintiff, | ) | **Order** |
| vs. | ) | |
| JOHN W. HELZER, Assistant D.A.; RANDY LEBLANC, Sheriff Det., MARSHAL EMERSON, Sheriff's Commander, HOLLY VANCE, Assistant U.S. Attorney, | ) | |
| Defendants. | ) | |

Now pending are a Motion for Summary Judgment (#44) by Defendant Assistant District Attorney John W. Helzer ("Helzer") and a Motion for Relief from Judgment and a Motion for Default Judgment (#42) by Plaintiff John Christopher Andersen ("Plaintiff").

**I. Factual and Procedural Background**

On May 10th, 2008, Plaintiff, a resident of Washoe County, gave $700 along with his pickup truck to a mechanic to repair the truck. (Am. Compl. at 3 (#21); Mot. Summ. J. at 4 (#44).) After various trips to the mechanic's home, Plaintiff surmised that the mechanic had stolen his truck. (Am. Compl. at 3 (#21); Mot. Summ. J. at 4 (#44).) Plaintiff alleges that he "complained to about 8 different [Washoe County] deputies," including Defendant Lieutenant Randy

LeBlanc, who was assigned to his case. (Am. Compl. at 3 (#21).) No criminal action was initiated in connection with Plaintiff's police report. (Mot. Summ. J. at 4 (#44); Amd. Compl. at 5-6 (#21).)

Plaintiff alleges that he subsequently wrote to Defendant Helzer, an Assistant District Attorney with the Washoe County District Attorney's Office, requesting his assistance with his complaint. (Amd. Compl. at 3 (#21).) Around this time, Plaintiff claims he began hearing loud "noise" on his phone line. (Compl. at 4 (#1); Mot. Summ. J. at 4 (#44).) A few days after this, Helzer called Plaintiff into his office; following this interaction, Plaintiff's phone noise disappeared. (Compl. at 4; Mot. Sum. J. at 4 (#44).)

Plaintiff further alleges that Assistant U.S. Attorney and Defendant Holly Vance ("Vance") "has all the evidence" of an illegal wiretap placed on Plaintiff's telephone by Defendant and that Holly Vance told Plaintiff on the phone that she had access to the evidence. (Am. Compl. at 3-A (#21).) In a sworn affidavit, Vance states that she has no knowledge of any wiretap obtained by Helzer, has no evidence of such a wiretap, and does not recall ever speaking with Plaintiff. (Mot. Summ. J. Ex. A (#44).) Helzer denies having obtained or placed a wiretap on Plaintiff's phone in a sworn affidavit. (Id. Ex. B (#44).)

On March 11, 2010, Plaintiff filed the original complaint (#1). The complaint's four counts alleged that (1) Helzer violated Plaintiff's Fourth Amendment rights by placing an illegal wiretap on Plaintiff's telephone; (2) Defendant Lieutenant LeBlanc violated Plaintiff's Fourteenth Amendment rights by failing to act on

2

1  Plaintiff's complaints against the mechanic; (3) other officers,
2  particularly Defendant Sheriff's Commander Marshal Emerson, also
3  violated his Fourteenth Amendment rights by failing to act; and (4)
4  Defendant Holly Vance had committed nonfeasance by failing to
5  disclose the wiretap evidence she allegedly possessed and should be
6  forced to disclose her evidence to the court.  (Id. at 4-6A.)
7      On December 27, 2010, Plaintiff filed an Amended Complaint
8  (#21).
9      On September 19th, 2011, we dismissed (#32) the second and
10 third counts of the amended complaint (#21), eliminating all of
11 Plaintiff's claims against Defendants Marshal Emerson and Randy
12 LeBlanc.  On November 18th, 2011, pursuant to Federal Rule of Civil
13 Procedure 4(m), we dismissed (#40) Plaintiff's claims against
14 Defendant Holly Vance without prejudice.  Thus, only Plaintiff's
15 Fourth Amendment wire tapping claim against Defendant Helzer
16 remains.
17      Plaintiff filed a Motion for Relief from Judgment and a Motion
18 for Default Judgment (#42) on February 13, 2012.  Defendant Helzer
19 responded (#43) on February 23, 2012, and Plaintiff replied (#46) on
20 March 1, 2012.
21      On February 27, 2012, Defendant Helzer filed a Motion for
22 Summary Judgment (#44) to which Plaintiff has not responded.
23
24              **II. Summary Judgment Standard**
25      Summary judgment allows courts to avoid unnecessary trials
26 where no material factual dispute exists.  N.W. Motorcycle Ass'n v.
27 U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  The court
28
                                3

must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171(1996).

    The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form — namely, depositions, admissions, interrogatory answers, and affidavits — only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248.  Summary judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999).  "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered.  Id.  Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323.  Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole.  Id.

### III. Discussion

**A. Defendant's Motion for Summary Judgment (#44)**

Following this court's orders (## 32, 40) dismissing Plaintiff's claims against Defendants Holly Vance, Marshal Emerson, and Randy LeBlanc, Plaintiff's only remaining claim is against Helzer for violation of Plaintiff's Fourth Amendment rights by illegally wiretapping Plaintiff's telephone.  (Am. Compl. Count I (#21).)  Defendant Helzer moves for summary judgment on the ground

5

that "Plaintiff is unable to show through anything other than conclusory allegations and unsubstantiated assertions that there was a wiretap placed on his telephone." (Mot. Summ. J. at 8 (#44).) Plaintiff supports his wiretapping claim with two allegations: (1) alleged statements by Defendant Holly Vance to Plaintiff in which she stated she had evidence of Defendant's wiretap but refused to provide the evidence to Plaintiff or this court, and (2) the presence of loud noise on Plaintiff's telephone line after he initially contacted Defendant Helzer and the disappearance of the noise shortly after he met with Helzer in Helzer's office. See supra Part I.

    Both Helzer and Vance have released sworn affidavits denying Plaintiff's allegations of a wiretap and the existence of any evidence indicating a wiretap. (Mot. for Summ. J. Exs. A, B (#44).) Vance has sworn she has no recollection of any conversation with Plaintiff. (Id.)  Plaintiff has failed to provide any evidence whatsoever of his interactions with Vance, nor has he supplied any evidence indicating a wiretap on his telephone.  With sworn affidavits directly contradicting his allegations against Helzer and Vance, no reasonable juror could conclude that Helzer placed a wiretap on Plaintiff's phone. Plaintiff's allegations of the emergence and disappearance of static noise on his telephone around the dates of his interactions with Helzer are mere conclusory allegations that do not constitute evidence. While Plaintiff's mere conclusory allegation of a wiretap was enough to narrowly survive a motion to dismiss, a complete failure of proof will not demonstrate a genuine issue of material fact sufficient to survive a motion for

6

summary judgment, even when viewing the evidence in a light most favorable to Plaintiff.  Plaintiff has provided no evidence, only conclusory allegations, of his Fourth Amendment claim; Defendant Helzer is therefore entitled to judgment as a matter of law.[1] Celotex, 477 U.S. at 323.

**B. Plaintiff's Request for Discovery**

Plaintiff seeks evidence of the alleged wiretap from Defendant Vance through discovery under Federal Rule of Civil Procedure 26(b)(1). (Mots. Relief J. & Default J. at 11 (#42).)  We previously granted Plaintiff's prior request for discovery on July 25, 2011 (#31), with a deadline of March 1, 2012 (#39).

Under Federal Rule of Civil Procedure 26(b)(2)(C)(ii), district courts are permitted to limit discovery if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Plaintiff has had ample time to obtain documents from Holly Vance, but the only evidence that has surfaced from her is a sworn affidavit that she has no documents indicating a wiretap. (Mot. Summ. J. Ex. A (#44).)  Plaintiff has passed the deadline for discovery and provided no plausible reason for conducting further discovery.  His request under Rule 26(b)(1) must therefore be denied.

**C. Plaintiff's Motion for Relief from Judgment (#42)**

Plaintiff seeks relief from this court's earlier judgments (## 32, 40) under Federal Rule of Civil Procedure 60(a).  (Mots. Relief

---

[1] Additionally, Plaintiff's failure to file an opposition to Defendant Helzer's Motion for Summary Judgment (#44) constitutes consent to the granting of the motion pursuant to Local Rule 7-2(d).

7

1  J. & Default J. p. 1 (#42).)  However, Rule 60 is reserved for
2  "extremely minor and extremely dire circumstances."  <u>Snell v.</u>
3  <u>Cleveland, Inc.</u>, 316 F.3d 822, 826 (9th Cir. 2002).  Moreover, Rule
4  60(a), which provides relief only in cases of "a clerical mistake or
5  a mistake arising from oversight or omission," has been interpreted
6  narrowly to apply only to clerical and technical mistakes.  <u>Id.</u>
7  Plaintiff alleges no clerical errors by this court, instead reciting
8  case law in an unproductive effort to breathe life into his
9  dismissed claims against Defendants.  Plaintiff has therefore not
10 establish that he is entitled to relief under Rule 60(a).
11      Nor does Rule 60(b) provide the relief Plaintiff seeks.  Rule
12 60(b) allows relief from judgment in six circumstances: "(1)
13 mistake, inadvertence, surprise, or excusable neglect; (2) newly
14 discovered evidence . . . ; (3) fraud . . . misrepresentation, or
15 misconduct . . . ; (4) the judgment is void; (5) the judgment has
16 been satisfied, released, or discharged . . . ; or (6) any other
17 reason that justifies relief."  Plaintiff alleges no new evidence or
18 facts in his motion and simply reiterates various cases in support
19 of his earlier claims.  These and related cases have already been
20 considered in our earlier Order (#32), and we are unconvinced that
21 Plaintiff has introduced any new law that would indicate a "mistake,
22 inadvertence, surprise, or excusable neglect" on our part,
23 especially given the "extremely minor" or "extremely dire"
24 circumstances required to grant a Rule 60 motion.  <u>See</u> <u>Snell</u>, 316
25 F.3d at 826.
26      Plaintiff's motion also fails under Rule 60(b)(6)'s catchall
27 provision, the applicability of which has been limited to
28

8

"extraordinary circumstances." <u>Ackermann v. United States</u>, 340 U.S. 193, 199 (1950). <u>See also</u> <u>Kramer v. Gates</u>, 481 F.3d 788, 792 (D.C. Cir. 2007) ("Plaintiffs must clear a very high bar to obtain relief under Rule 60(b)(6)"); <u>In re Guidant Corp. Implantable Defribillators Products Liab. Lit.</u>, 496 F.3d 863, 868 (8th Cir. 2007) (finding relief under Rule 60(b)(6) to be "exceedingly rare"). Here, Plaintiff essentially restates the argument we rejected in our earlier Order (#32), and therefore fails to establish "extraordinary circumstances" for relief. Rule 60 does not provide a vehicle for Plaintiff to re-litigate issues the court has already decided because he disagrees with the court's decision. Plaintiff's Motion for Relief from Judgment (#42) is therefore denied.

**D. Plaintiff's Motion for Default Judgment (#42)**

Plaintiff claims that he is entitled to a default judgment pursuant to Federal Rule of Civil Procedure 37(b). (Mots. Relief J. & Default J. at 11 (#42).) Under Rule 37(b)(2)(A)(vi), a court may enter a default judgment against a party that fails to comply with a court order to provide or permit discovery. Plaintiff claims that this court previously ordered Defendant Holly Vance to produce evidence of the alleged wiretap. (<u>Id.</u>) This court has issued no such order. Moreover, from the sworn affidavits of both Vance and Helzer, this court has determined that no such evidence exists. Plaintiff's Motion for Default Judgment is denied.

### IV. Conclusion

Plaintiff has offered no evidence that Defendant Helzer placed a wiretap on his phone. Plaintiff's allegations are insufficient to

9

establish a genuine issue of material fact in this regard. Furthermore, Plaintiff has offered no valid reason for the Court to depart from its earlier rulings.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant John W. Helzer's Motion for Summary Judgment (#44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from Judgment and Motion for Default Judgment (#42) **are DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for discovery under Federal Rule of Civil Procedure 26(b)(1) is **DENIED**.

The clerk shall enter the judgment accordingly.

DATED: July 16, 2012.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE

10